OMER BERNIER *vs.* NARRAGANSETT ELECTRIC CO.

MAY 23, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an appeal from a decree of the Superior Court granting compensation, under the Workmen's Compensation Act, for total disability arising through an injury to petitioner's back while he was in the employ of the respondent, and awarding him $16 per week therefor. The petition was originally heard by the Commissioner of Labor who found partial disability and fixed compensation at $10 per week.

The petitioner testified as follows: On March 31, 1932, while he and other linesmen for respondent were lifting a pole, he slipped in some sand and injured the lower part of his back. Soon afterward, when he was requested to continue to do heavy work, he told the foreman of the injury. He remained in the respondent's employ doing lighter work.

A day or two after the accident one of respondent's employees took him to consult Dr. Johnston who strapped his back with adhesive tape and later instructed him to wear a supporting belt. Petitioner testified that intermittently his back hurt him severely; that when requested to resume his former work of climbing poles he endeavored to do so and was unable; that he was absent from work on the day following this attempt and, upon returning to work, was discharged. It appears that since his discharge he has occasionally worked for two other companies but according to his testimony he can not do any heavy work.

Respondent offered the following testimony. The foreman stated that petitioner did not report his injury to him until the day after it was sustained. Fellow workmen testified that the work they shared with petitioner was not lifting but merely rolling a pole, although one witness stated that it involved a slight amount of lifting. None of these witnesses saw petitioner slip or heard him cry out, but they said he told them that afternoon that his back had been injured shortly before and was sore.

The medical testimony is contradictory. Dr. Rogell termed the injury a "low back strain, probably sacro-iliac in character;" he testified that it would prevent the petitioner from ever doing any heavy work and was likely to trouble him throughout his life. Dr. Johnston, who treated petitioner from the time of the injury until April 26, 1932, in reply to the question—"was the condition apparently cured?"—replied: "Apparently it was because I didn't see him again for six months." "There was no complaint and I found no evidence of the original injury."

At the conclusion of the testimony the trial justice stated: "The evidence would seem to prove this man got hurt, got a back sprain, and that it has been more or less persistent, not so as to prevent him at all times from working but recurring at times."

The question before us is whether the petitioner's disability during the period between December 1, 1932, and

October 14, 1933, was total or partial. The record discloses the fact that during said period petitioner was able to do and did some work which at times was substantially as heavy as that done by him for the respondent. He testified that he applied for additional work but failed to obtain it. It appears from the evidence that after the accident and during the period for which he seeks compensation he was very frequently absent from work for personal reasons, and only occasionally absent because of illness. From this evidence it is apparent that his inability later to obtain and retain employment, although in part due to his physical condition and to the labor situation, was to a great extent due to his unreliability as an employee because of his evident unwillingness to work as steadily as his health permitted.

The evidence establishes a case of partial, not total, disability. The petitioner is entitled to compensation at the rate of $10 per week.

The appeal is sustained. The parties may present to this court for approval, on June 4, 1934, a form of decree to be entered by the Superior Court in accordance with this opinion.

*Roger L. McCarthy, M. Louis Abedon,* for petitiner.
*Clifford Whipple, Frank J. McGee,* for respondent.